## Walsh's Appeal.

Argued Oct. 14, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Wesley H. Caldwell,* with him *Abraham Koppelman,* for appellant.

*Franklin S. Edmonds,* with him *Edward B. Soken* and *J. Warren Brock,* for appellee.

344

OPINION BY RHODES, J., April 16, 1941:

This is an appeal by Sara T. Walsh from an order of the Court of Common Pleas No. 2 of the County of Philadelphia dismissing her appeal from a decision and order of the Superintendent of Public Instruction in which he dismissed, for want of jurisdiction, an appeal to him by appellant from the action of the Board of Public Education of the School District of Philadelphia reducing her salary and that of other employees under the authority of the Act of June 20, 1939, P. L. 479, 24 PS §571 et seq.

This proceeding arises from the same facts as *Walsh v. Philadelphia School District,* 144 Pa. Superior Ct. 321, 19 A. 2d 598.

On the same day that appellant in the foregoing case (*Walsh v. Philadelphia School District,* supra) instituted that suit in the Municipal Court of Philadelphia County, she also filed with the Superintendent of Public Instruction an appeal from the failure of the school district to pay her the entire salary provided by the terms of her contract with the school district. In the appeal to the Superintendent of Public Instruction she also sought to attack the constitutionality of the Act of 1939, it being conceded that the reason for so doing was to exhaust her statutory remedy, if any, and thus preclude dismissal of the assumpsit action in the municipal court on the ground of such a failure. The Superintendent of Public Instruction concluded that he was without jurisdiction of the questions involved in the appeal; appellant thereupon appealed to the court of common pleas, following the procedure provided in certain cases by section 2 of the Act of June 20, 1939, P. L. 482, which amended section 1205 of the Act of May 18, 1911, P. L. 309, as amended by section 2 of the Teachers' Tenure Act of April 6, 1937, P. L. 213, 24 PS §1126. The opinion of the municipal court in the assumpsit action brought by appellant against

the school district (*Walsh v. School District of Philadelphia,* No. 680, January Term 1940) was handed down on June 3, 1940. On June 17, 1940, the school district filed motions to dismiss and quash 'the appeal from the action of the Superintendent of Public Instruction pending in the court of common pleas. That court entered 'an order dismissing the appeal. In an opinion by GORDON, JR., P. J., the court below held that the Superintendent of Public Instruction was correct in concluding that he was without jurisdiction in the matter, and that the question sought to be raised by the appeal had been adjudicated against appellant in the municipal court, by which adjudication she was bound.

Still desirous of protecting 'the merits of the controversy against a possible holding that she had not adopted the proper remedy, appellant filed the present appeal to this court from the order of the court of common pleas.

In *Walsh v. Philadelphia School District,* supra, which was an appeal from the judgment in favor of the school district in the assumpsit action brought in the Municipal Court of Philadelphia County, we have discussed at length the merits of the controversy, and given our opinion on the questions involved. Therefore the present appeal might be dismissed without further consideration. We may say, however, that we concur with the view of the court below that the Superintendent of Public Instruction was without jurisdiction over the questions raised by appellant in her appeal to his office. An examination of the pertinent sections of the Teachers' Tenure Act of April 6, 1937, P. L. 213, as amended, 24 PS §§1126, 1161, discloses that an appeal and review may be had before the Superintendent of Public Instruction and in the court of common pleas, inter alia, in case of demotion in salary or in type of position of any professional employee in pursuance of the procedure set forth by the act. Nothing of the kind

was involved in the present case, and consequently the prescribed procedure was inapplicable. This conclusion is not only justified by the plain language of the act, but it is supported by the case of *Smith v. Philadelphia School District et al.*, 334 Pa. 197, 5 A. 2d 535. It was there held that the reduction of the salaries of a class of teachers to conform with the statutory schedule was not a "demotion in salary," as contemplated by section 3 of the Teachers' Tenure Act of April 6, 1937, P. L. 213, 24 PS §1161. It was also held that such a general adjustment of salaries was not a matter requiring a hearing as in cases of dismissal. It therefore follows that the reduction of salaries in the present case was not a "demotion" within the meaning of the Teachers' Tenure Act of 1937. Nor was it such a matter as to come within the procedure to be followed and as set up by the act "to protect the teachers from arbitrary discrimination by being subjected to unfounded or inadequate charges": *Smith v. Philadelphia School District,* supra, 334 Pa. 197, at page 205, 5 A. 2d 535, at page 539.

We are also of the opinion that the court below properly held that the judgment of the municipal court in *Walsh v. School District of Philadelphia,* No. 680, January Term, 1940, made the constitutionality of the Act of 1939 res adjudicata as to the action in the court of common pleas. The parties, the subject matter, and the questions of law were identical, and the municipal court was one of competent jurisdiction; this would seem to be as much as is required for the application of that principle. See *Commonwealth ex rel. v. Kelly et al.,* 287 Pa. 139, 134 A. 514.

Order of the court below is affirmed, at the cost of appellant.