Mazzei, Appellant, *v*. Scranton School District et al.

Argued January 27, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Joseph T. McDonald,* for appellant.

*John R. Edwards,* for appellee, was not heard.

OPINION BY MR. JUSTICE DREW, March 24, 1941:

Plaintiff, Renato Mazzei, was employed in one of the high schools of the City of Scranton as a teacher of mathematics, under a written contract expressly limiting his services to a period of five months. On July 24, 1940, more than five months after his services had terminated under the provisions of this contract, plaintiff filed a petition in the Court of Common Pleas of Lackawanna County for a writ of peremptory mandamus directed to the School District, its officers and directors, defendants herein, whereby he sought, among other things, to compel the placing of his name on the list of eligibles for appointment as a permanent teacher as of February 6, 1940 (the date of the expiration of his temporary teaching contract), the tendering to him of a new contract and the appointment of him as a teacher when a vacancy becomes available. The learned court below granted a rule to show cause why the peremptory writ should not issue, and defendants filed their answer. After argument upon petition and answer, the rule was discharged, and the plaintiff appealed.

The facts here involved are not in dispute and are as follows: Under the so-called "Scranton Plan", a system of rules in force since the adoption thereof in 1913 for the selection of teachers in the School District of the City of Scranton, an eligibility list of applicants is maintained, based upon their relative standings in oral and written examinations pertaining to the positions for which application has been made. Appointments are made from this list in order of rank thereon. Each year new examinations are given and a new list prepared of those eligible to fill teaching positions which may be open during the following year. In the summer of

1939, the School Directors realized that a condition, necessitating the employment of certain additional teachers, would exist in the high schools during the 1939-1940 school year, on account of the influx of approximately 2,000 pupils from the intermediate grades at the beginning of that period in September, 1939; and that this situation would continue but temporarily during the first semester because of the anticipated decrease in the number of pupils remaining by some 600 due to graduation in February, 1940. They, therefore, in August, 1939, adopted a resolution authorizing the employment of thirty-five persons, including plaintiff, to be selected from the then existing list of eligibles, as teachers "for a period of five months to end with the end of the first semester", and expressly directing "that none of the foregoing teachers shall by virtue of this appointment acquire any tenure rights under the Teachers' Tenure Act." Pursuant to this resolution, a written contract was entered into by the School Board and plaintiff, who had taken the required examination during the summer of 1939, and had qualified as a teacher of mathematics. This agreement recited the provisions of the resolution, and provided, inter alia, that "This contract shall continue in effect only until the expiration of the said five months." Plaintiff served as a mathematics teacher until the expiration of this five-month period on February 6, 1940.

Sometime during the following June, plaintiff was informed that new examinations were to be held, as provided by the Plan under which the School District operated, and that he must submit to re-examination to secure a place on the new list of those eligible to fill teaching positions which might be open for the next year. He thereupon commenced this proceeding to have his name placed on a permanent list as of his standing in February, 1940, contending that the Teachers' Tenure Act, as amended, gave him rights, as a "temporary pro-

fessional employe", which this action of the School Directors would deny him. We agree with the learned court below that there is no merit in his contention.

The Act of June 20, 1939, P. L. 482, upon which plaintiff relies, is an amendment to the Teachers' Tenure Act of April 6, 1937, P. L. 213. Section 1201 of the amending statute provides for three types of teachers: "professional employes", "substitutes" and "temporary professional employes", the last class being defined as "any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal."

Plaintiff, admitting, as he must, that his status during his brief period of employment was that of a "temporary professional employe", nevertheless argues that by the following provision of the act: "Temporary employes shall for all purposes, *except tenure status,* be viewed in law as full-time employes, and shall enjoy all the rights and privileges of regular full-time employes. . . ." (Italics added), entitles him to be placed upon a suspended list and reappointed in the inverse order of his suspension as vacancies in his particular field become available, under the provisions of subsection (b) of section 1205 of the statute. This subsection reads as follows: "Any board of school directors (or board of public education) may suspend the necessary number of professional employes, for the causes hereinafter enumerated: (1) Substantial decrease in pupil enrollment in the school district; . . . Such professional employes shall be reinstated in the inverse order of their suspension. No new appointment shall be made while there are suspended professional employes available, who are properly certified to fill such vacancies."

Considering the foregoing portions of the amending statute, and bearing in mind at the same time that throughout this act a distinction is carefully drawn be-

tween "professional employes" and "temporary professional employes" and that the seniority provisions above referred to relate only to suspension and not to complete termination, we are thoroughly convinced that there is absolutely no basis for plaintiff's contention. It is clear that a "temporary employe" is given the "rights and privileges of regular full-time employe", such as protection from improper termination of his services during the term of his temporary contract; but "tenure status", which in effect is the very basis of plaintiff's claim, in that he seeks tenure benefits bestowed solely upon "professional employes", is specifically denied to him, unless, as provided in section 1201, he be "A temporary employe whose work has been certified by the county superintendent of schools or the district superintendent to the secretary of the school district, during the last four months of the *second year of such service,* as being satisfactory" (Italics added), in which event he *"shall thereafter be a 'professional employe' within the meaning of this act."* (Italics added.) Clearly the plaintiff in the instant case, by his limited temporary service of but five months, cannot come within this latter exception.

While plaintiff does not here argue that he is entitled to immediate employment, yet he urges that he be placed on the eligibility list so that he will be appointed in due course when a vacancy occurs. Manifestly, however, this would eventually compel his permanent appointment. If this were necessary, the resolution appointing him and the contract entered into with him, both of which specifically stated that his employment ceased at the end of five months, would be null and void. It is evident that this could only be if the resolution and contract were in conflict with the Teachers' Tenure Act, as amended. That this is not so, we are thoroughly convinced. Therefore, there being nothing in the statute to substantiate plaintiff's argument, we can only repeat what was said in *Com. ex rel. v. Sunbury Sch. Dist.,*

335 Pa. 6, 11: "The success of the school depends upon the efficiency of the teachers. In the absence of clear legislative mandate, we will not curtail the efficient conduct of an educational program by interfering with the legitimate exercise of the sound discretion of a school board in the manner of filling vacancies."

Order affirmed at appellant's cost.