## Miller, Appellant, *v.* Stoudnour et al.

568

.Argued March 12, 1942.

Be-fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Amos Davis,* with him *Robert C. Haberstroh,* for appellant.

*R. Donald Lorenz,* with him *Samuel H. Jubelirer,* of *Jubelirer, Jubelirer & Smith,* for appellee.

OPINION BY RHODES, J., April 29, 1942:

Plaintiff presented a petition for a writ of alternative mandamus directed to defendants, Directors of the School District of Roaring Spring Borough, Blair County, to compel the continuance of his contract of employment. An alternative writ was issued to show cause why this should not be done. To defendants' answer plaintiff filed a replication. After hearing, the court below entered a decree quashing the writ on defendants' motion. This appeal is from that decree.

Plaintiff was the holder of a provisional college certificate from the Department of Public Instruction authorizing him to teach science. Under a contract dated May 27, 1937, which was drawn in accordance with the provisions of section 2 of the Teachers' Tenure Act of April 6, 1937, P. L. 213, 24 PS §1126, and which provided for a salary of $1,170, plaintiff taught science, including chemistry, physics, and physical science, in the Roaring Spring borough schools for the school year 1937-1938. It also appears in evidence that he taught in the same school district during the school year 1936-1937, although no written contract for that period is in evidence. He was informed by correspondence, which began on February 21, 1938, that the school board considered it necessary to eliminate one teacher in the high school; that the vacancy had to be made in the science department due to the limited number of students taking science; and that plaintiff's position as last instructor hired in that department would be discontinued at the end of the school term. No charges were made, and no opportunity for a hearing before the board was afforded him. This mandamus proceeding was instituted on October 18, 1938.

The reasons given by defendants for their action, as set forth by the pleadings and evidence, were: (1) The necessity to reduce expenses, as the debt of the school district had reached the legal limit and the income of the district could not be expected to meet the necessary expenditures; and (2) an anticipated decrease in the number of pupils in the science department during the school year 1938-1939.

The court below found that plaintiff was originally employed by the school district with the idea of establishing a separate science department, and that prior to his employment the teaching of science subjects had been apportioned among teachers who were qualified to teach, and did teach, other subjects as their majors, but who were also qualified by their certificates to

teach certain science subjects. The court also found that the school district had a very large indebtedness; that a reduction in expenditures was absolutely necessary; that this condition made it advisable and necessary to abandon the idea of establishing a separate science department; and that in the exercise of their sound judgment and discretion the board, in view of an anticipated decrease in the number of pupils taking science for the school year 1938-1939, again distributed the teaching of science subjects among the teachers who were teaching other subjects. Plaintiff, the most recently elected member of the faculty, could not qualify as a teacher of other subjects. It is admitted, and the court below found, that plaintiff's services had been satisfactory.

There was ample evidence plainly indicating that the school district was financially embarrassed, and that a reduction in expenditures was necessary. We do not construe plaintiff's statement of questions involved as raising this question, but rather that additional reasons existed which prompted the board's action. Plaintiff's only other complaint is that the board did not adhere to the procedural requirements of the Teachers' Tenure Act of April 6, 1937, P. L. 213, §2, 24 PS §1126. The court below found that defendants did not act for any political or arbitrary reasons, but because of the financial condition of the school district. Courts must assume that persons holding responsible public positions act in good faith, until the contrary is shown. *Glesenkamp v. City of Pittsburgh et al.*, 320 Pa. 219, 223, 181 A. 763. There is no support in the evidence for plaintiff's vague assertions relative to additional reasons for the board's action. The evidence is to the contrary. The school district had borrowed to its legal limit, and had a tax rate of 28 mills. It also appears that the average pupil load in this district was 18.3 per teacher, whereas the average in all Pennsylvania districts was from 30 to 35. The reduction in

the number of teachers would not lower the efficiency of the schools of this district, and in view of the other facts related the board would seem to have exercised sound judgment in the action taken. Cf. *Langan v. Pittston School District et al.*, 335 Pa. 395, 397, 398, 6 A. 2d 772.

A school board may abolish, discontinue, or reorganize a department for financial reasons, if its action does not interfere with the branches prescribed to be taught. *Ehret v. Kulpmont Borough School District*, 333 Pa. 518, 523, 524, 5 A. 2d 188. "If the legislature had intended teachers to be employed or retained who are rendered unnecessary by the abolition of a department, ...... it should have specifically set forth that intention in dealing with a subject of such importance": *Jones v. Holes et al.*, 334 Pa. 538, at page 543, 6 A. 2d 102, at page 105. If plaintiff must be retained under the conditions which admittedly exist in this case, then the board has no control over the school district's finances or over school policy. The legislature in the Teachers' Tenure Act of 1937 manifested no intention to produce such a result. *Ehret v. Kulpmont Borough School District*, supra, p. 524.

It is unnecessary for us to decide the extent of a school board's power to suspend, or dispense with the services of, a professional employee because of financial stress, as plaintiff does not question the board's right to discontinue his services if the financial condition of the school district makes necessary a reassignment of the subjects taught and a reduction in the teaching staff. See *Ehret v. Kulpmont Borough School District*, supra, p. 524; *Smith v. Philadelphia School District et al.*, 334 Pa. 197, 204, 206, 5 A. 2d 535. His contention is, however, that such a matter requires a hearing before the board. Plaintiff relies upon the provision in his statutory contract,[1] as set forth in section 2 of the

---

[1] "The said notice [of termination] shall designate the cause for

Act of April 6, 1937, P. L. 213, 24 PS §1126,[2] requiring opportunity for a hearing before termination, and on clause (d) of that section of the act which provides for a hearing before dismissal. The purpose of a hearing under this section is to protect the teacher from arbitrary discrimination by being subjected to unfounded or inadequate charges. *Smith v. Philadelphia School District et al.,* supra, p. 205. We have held that the provision for hearings, and the procedure to be followed relate to those cases where charges have been preferred against the professional employee, and that such charges are limited to those specified in clause (a) of the section. *Crist v. Rayne Township School District,* 145 Pa. Superior Ct. 438, 442, 21 A. 2d 417. There were no charges against plaintiff, there has been no attack upon his character or fitness, and there has been no discrimination. Consequently, no hearing was required as the board, in eliminating a separate science department and in rearranging the courses of study because of financial necessity, was acting within its power and authority to control educational policies and the finances of the school district without this restraint. See *Smith v. Philadelphia School District et al.,* supra, p. 206. "Of course, a department may not be abolished merely to circumvent the provisions of the act and to accomplish the dismissal of a teacher for political or arbitrary reasons by unlawful subterfuge": *Ehret v. Kulpmont Borough School District,* supra, 333 Pa. 518, at page 528, 5 A. 2d 188, at page 193.

There was no abuse of discretion by defendants, or error in the action of the court below.

The decree is affirmed, at the cost of appellant.

---

the termination and shall state that an opportunity to be heard shall be granted if the said professional employe within ten days after receipt of the termination notice presents a written request for such a hearing."

[2] This section was later amended by section 2 of the Act of June 20, 1939, P. L. 482, 24 PS §1126.