## Stroman *v.* Secretary of Education, et al.

Argued December 7, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Clarence C. Morrison,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for appellee, Secretary of Education.

*James W. Evans,* Special Solicitor, for appellee, Harrisburg School Board.

OPINION BY JUDGE WILKINSON, January 31, 1973:

Appellant was employed by the Harrisburg School District as an English teacher from September, 1969, until December 10, 1971, when she was suspended. The suspension was followed by a dismissal notice. A hearing was held on December 23, 1971. On December 29, 1971, the Board voted to terminate the appellant's contract. The appellant, on January 10, 1972, appealed the dismissal to the Secretary of Education. On March 7, 1972, the Secretary had a hearing and on June 2, 1972, issued an order sustaining the dismissal on the grounds of persistent negligence and persistent and willful violation of the school laws.

We affirm.

Able counsel for appellant correctly states the sole question before this Court to be whether the School District has met its burden of proving persistent negligence and persistent and willful violation of school laws. The Secretary of Education, in a well presented opinion, having reviewed the evidence offered by the District, concluded that the burden had been met. We have reviewed the same record and have come to the same conclusion.

The law in this situation is quite clear and is not in dispute. Section 1122 of the Public School Code of

1949 expressly gives the Board authority to terminate a professional employee's contract for these two causes. Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §11-1122. Although there were some critical areas of testimony in dispute, such as chronic lateness, failure to keep proper records, etc., it was for the Secretary to resolve these disputed areas. On appellate review prior to the Appellate Court Jurisdiction Act (ACJA), Act of July 31, 1970, P. L. 673, 17 P.S. §211.101 et seq., the reviewing court accepted the findings of the lower court when supported by competent evidence. *Swick v. School District of Tarentum Borough*, 344 Pa. 197, 25 A. 2d 314 (1942); *see* also *Brownsville Area School District v. Alberts*, 436 Pa. 429, 260 A. 2d 765 (1970). This Court now receives appeals directly from the Secretary's order, Section 403 of the ACJA, 17 P.S. §211.403, and in the absence of a de novo hearing, we will impart the same significance to the Secretary's findings as was previously accorded findings of the courts of common pleas on appeal.

No good purpose would be served by repeating the very detailed testimony of some nine witnesses for the Board, all of whom had respect for the appellant. Two things are clear beyond question—the appellant was not able to cope with the students she was assigned to teach and was not willing to conform to the procedures required by the Board under these circumstances. She was characterized by one witness as a lovely lady, a gentle person who should not have been teaching in the city public schools. Indeed, appellant characterized herself as being of the old school, referring to her attitude on discipline. Commendable as appellant's attitude toward discipline in the public schools may be, she must, nevertheless, conform to the reasonable rules and regulations of the Board of School Directors. When she does not, as the record in this case supports, the

Board is clearly within its rights to terminate her contract.

Accordingly, we make the following

## ORDER

AND NOW, January 31, 1973, the Order of the Secretary of Education, Opinion No. 207, of June 2, 1972, is hereby affirmed, and the dismissal of the appellant by the Board of School Directors of the Harrisburg City School District is sustained.