New Castle Area School District *v.* Thomas F. Bair, a Professional Employee. The New Castle Area School District, Appellant.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Jonathan Solomon,* with him *Solomon & Solomon,* for appellant.

*Ronald N. Watzman,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 19, 1977:

The New Castle Area School District (Appellant) has appealed an order of the Secretary of Education (Secretary) which directed Appellant to reinstate with back pay Thomas F. Bair (Appellee).

Appellee is a special-education teacher who was employed by Appellant starting in 1960. Since the 1968-69 school year, Appellee taught educable mentally retarded students at the Benjamin Franklin Junior High School. On January 11, 1974, Appellee's principal rated him unsatisfactory and the rating was approved by the district superintendent. This was Appellee's first unsatisfactory rating in fourteen years of service as a professional employe of the school district.

A hearing was held on January 26, 1974, after the school district instituted proceedings for Appellee's dismissal on charges of incompetency and persistent

negligence. At the hearing Appellee requested and was granted a one-year sabbatical leave for health reasons. The dismissal hearing was continued indefinitely.

On December 18, 1974, a hearing on the dismissal was rescheduled. The hearing commenced and continued throughout the first half of 1975. On June 23, 1975, the school board dismissed Appellee. Appellee (appellant below) appealed the dismissal to the Secretary who, after a hearing, reversed the School Board and ordered Appellee reinstated without loss of pay.

Two questions are presented for our determination: First, may a professional employe be dismissed for incompetency after he received but one unsatisfactory rating? Second, is there substantial evidence to support the charge of persistent negligence? We must answer both questions in the negative.

We reiterate that we must accept the Secretary's findings if they are supported by competent evidence. *Stroman v. Secretary of Education*, 7 Pa. Commonwealth Ct. 418, 300 A.2d 286 (1973). Moreover, in view of the Secretary's expertise in matters involving the evaluation of teacher competency, we may not overturn his action unless he committed a manifest abuse of discretion or an error of law. *Thall Appeal*, 410 Pa. 222, 189 A.2d 249 (1963).

Section 1122 of the Public School Code of 1949 (Code)[1] provides that the only valid causes for termination of a professional employe are: immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, or violation of the school laws of the Commonwealth. A tenured professional employe can be dismissed only for one or more of these reasons. *Pointek v. Elk Lake School District*, 26 Pa. Commonwealth Ct. 62, 360 A.2d 804 (1976).

---

[1] Act of March 10, 1949, P.L. 30, §1122, *as amended*, 24 P.S. §11-1122.

Section 1123 of the Code, 24 P.S. §11-1123, provides that:

In determining whether a professional employe shall be dismissed for incompetency . . . the professional employe . . . shall be rated by an approved rating system which shall give due consideration to personality, preparation, technique, and pupil reaction, in accordance with standards and regulations for such scoring as defined by rating cards to be prepared by the Department of Public Instruction. . . .

Section 1125(a), 24 P.S. §11-1125(a), requires school boards to establish a permanent record system containing ratings for each professional employe. The section also requires that a copy of any unsatisfactory rating be given to the employe and that no professional employe may be dismissed unless the school board has kept rating records on file.

This statutorily mandated procedure for dismissing a tenured professional employe must be strictly followed. *Abington School District v. Pittenger,* 9 Pa. Commonwealth Ct. 62, 305 A.2d 382 (1973).

Appellee received only one formal unsatisfactory rating prior to his dismissal on Form DEBE-333 (the standardized Department of Education form). The anecdotal records required to be attached to the unsatisfactory rating were missing. Form DEBE-333 under General Rating requires:

3. Ratings should have the support of anecdotal records. In the case of UNSATISFACTORY ratings, such records . must be maintained in the office of the superintendent of schools and a copy supplied to the employees immediately after it has been completed. (Emphasis in original.)

This lack of anecdotal records in and of itself makes the rating defective.

244

We turn next to a review of the Secretary's conclusion that the charge of persistent negligence was unsupported by the evidence. The basis of the charge was that Appellee lacked the ability to maintain discipline in his classroom. The Secretary found that Appellee was told to improve his methods of class control. The discipline problem, combined with a physical disability of Appellee which affected movement of his limbs (and which was known to the Board when Appellee was hired) prompted the Board to direct Appellee to send all disruptive students to the principal for discipline purposes. Appellee's performance was at all times in accordance with this directive. These facts are amply supported by the record and we must agree with the Secretary that the Board cannot now charge Appellee with negligence when he acted in accordance with his supervisor's directions.

Accordingly, we

ORDER

AND Now, this 19th day of January, 1977, the order of the Secretary of Education is affirmed and the New Castle Area School District is hereby directed to reinstate Thomas F. Bair without loss of pay.