## Huber v. Mars Area School District

*Lester S. Becker,* for appellant.
*Charles E. Dillon,* for Mars Area School District.

KIESTER, *P.J.,* July 21, 1977—Donald A. Huber was employed by the Mars Area School District in September of 1974, as an elementary school guidance counselor and teacher coordinator for the cooperative diversified program. His status was that of a temporary professional employe as defined by the Public School Code of March 10, 1949, P.L. 30, sec. 1101, as amended, 24 P.S. §11-1101. At the end of the second year of employment, Mr. Huber was notified in writing by the superintendent, Dr. Anthony Rago, that he was recommending to the school board that the employment contract not be renewed and that he be dismissed as a temporary professional employe on the grounds of an unsatisfactory rating. Mr. Huber was also notified that he had the right to a hearing before the school board. A school board hearing was convened on July 31, 1976, to consider the recommendations of Dr. Rago. After six witnesses, fifteen exhibits and 314 pages of testimony the school board made various findings, concluding that the unsatisfactory rating was fully supported by the evidence, and ordered the dismissal of Mr. Huber.

From the "adjudication" by the school board, Mr. Huber appealed to this court under the provi-

sions of the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11301. Counsel filed legal briefs and oral arguments were heard by the court on December 10, 1976.

Appellant, Donald A. Huber, states the first issue as follows: "The constitutional rights of the appellant were violated by the Chairman of Mars Area School Board's refusal to allow counsel for the appellant the right to voir dire each member of the Mars Area School Board to determine if each member of the Board was impartial and unbiased."

Since counsel was not permitted to examine the members of the school board relative to knowledge, interest, competency, bias, prejudice, etc., the argument is made that the constitutional rights of appellant were violated. It is the position of appellant that he was entitled to a fair trial before competent, impartial and unbiased school directors and that voir dire was the procedure to determine qualifications. If a voir dire had been permitted it is not clear who appellant would have accepted as the person to rule upon the qualifications of a challenged director. The directors had been selected by the electors of the school district. The legislature had designated the school directors as the hearing board in such matters. Who would have the right to disqualify a challenged director?

The right to voir dire the members of a school board sitting as a hearing board is not authorized either by statute or case law. Appellant has cited no precedent in support of his position. The United States Supreme Court has held that prior knowledge by a board does not prevent the board from hearing the charges and adjudicating them: Withrow v. Larkin, 421 U. S. 35, 95 S. Ct. 1456 (1975).

The Commonwealth Court reached the same result when it declared that due process rights were not violated when " . . . the hearing was conducted before a board which had conducted an investigation, prepared 'charges,' and made a preliminary determination of 'guilt' prior to granting a hearing. . . ." Rayne v. Edgewood School District, 19 Pa. Commonwealth Ct. 353, 339 A.2d 151 (1975).

The Public School Code has given both the professional employe and the temporary professional employe considerable protection. In the absence of bad faith, arbitrary, capricious, or unlawful action the decision of a school board cannot be reversed. It is quite inconceivable that a court would permit an attack on the qualifications of a school board member through a voir dire proceeding. The impact of voir dire on the functioning of the system in situations such as the one before this court would be devastating.

I believe that it is the duty of a school board member either to investigate complaints or to order that complaints about personnel and the operation of the system be investigated. In our representative form of government, it must be assumed that people of honesty and integrity have been elected to office. School board members cannot be placed on trial as to their bias, prejudice, etc. in the manner proposed by appellant.

As already indicated, appellant's motion to take additional evidence of the members of the school board by voir dire will be denied. If other evidence was intended to be offered it is not supported by affidavit and a further hearing will be denied.

The next issue raised by appellant is stated as follows: "The final ratings of the Appellant compiled by Dr. Anthony Rago, Superintendent of the

Mars Area School District, on May 27, 1976, are not in accordance with the standards and regulations for such scoring as defined by the DEBE-333 rating card prepared by the Department of Public Instruction."

The Public School Code provides for the establishment of a rating system by the Department of Public Instruction (now Department of Education) in rating the services of a temporary professional employe, "which shall give due consideration to personality, preparation, technique, and pupil reaction, in accordance with *standards and regulations* for such scoring as defined by rating cards to be prepared by the Department of Public Instruction . . ." 24 P.S. §11-1123. (Emphasis supplied.)

The department promulgated a rating form referred to as DEBE-333 together with a requirement that the rating be supported by "anecdotal records."

The school board found and the record establishes that James Duerr, the immediate supervisor of appellant, gave him a marginal satisfactory rating on February 4, 1975, and on March 4, 1975, an unsatisfactory rating on March 2, 1976 and on May 13, 1976, and a satisfactory rating on May 19, 1976.

Dr. Rago observed appellant in the classroom on May 20, 1976, and advised appellant orally and in writing of the unsatisfactory evaluation. A formal unsatisfactory rating was filed on May 27, 1976. In addition to the classroom visitation on May 20, 1976, Dr. Rago testified that the unsatisfactory rating was based on the supervisor's reports and his observation of the performance of Mr. Huber at conferences and meetings relating to his professional duties.

James Duerr testified that on May 19, 1976, he changed appellant's rating from unsatisfactory to satisfactory because of compassion for him and his physical disability.

The record establishes that numerous oral and written suggestions were furnished appellant by Mr. Duerr in an attempt to help him improve his rating.

Nevertheless, appellant maintains that the failure of Dr. Rago to attach the "anecdotal record" to the DEBE-333 completed on May 27, 1976, is a fatal defect in the proceedings.

The requirement of an "anecdotal record" is a salutary one which should be obeyed according to one appellate court decision: Mulhollen Appeal, 155 Pa. Superior Ct. 587, 39 A.2d 283 (1944). Appellant relies on the decision of the Commonwealth Court in New Castle Area School District v. Bair, 28 Pa. Commonwealth Ct. 240, 368 A.2d 345 (1977), which is distinguishable in several respects from the instant case. In that case involving a tenured employe with fourteen years' experience, a single unsatisfactory rating which lacked an anecdotal record was declared a fatal defect in and of itself. An employe is certainly entitled to an explanation of the unsatisfactory rating. The Commonwealth Court in the Bair case held that one unsatisfactory rating without an explanation makes the rating defective.

There is no decision that interprets the Public School Code as empowering the department to require so-called "anecdotal records." The sense of all the decisions is that reasonable notice of the deficiency be given the employe. It is indicated that there may be deficiencies in performance that an employe should have opportunity to correct.

Appellant in this case was informed of his weaknesses. He was counseled by his supervisor who tried to help him in various ways. Appellant had two years in which to improve his ratings. The record establishes that his performance did not improve. The classroom observation report of May 20, 1976, constitutes an "anecdotal report." The failure to attach it and other reports to the DEBE-333 of May 27, 1976, is at most a technical error. Appellant had notice of the alleged deficiencies. There is no substance to the claim that the administration failed to comply with the Public School Code and the reasonable rules of the department.

In further support of appellant it is stated that: "The final ratings of the appellant compiled by the Superintendent of the Mars Area School District, Dr. Anthony Rago, on May 27, 1976, were arbitrarily and capriciously made."

It is argued that Dr. Rago observed appellant only once during the 1975-76 school year, and that during the last class of the year.

Rating is the responsibility of the superintendent, but it may be done by others under the supervision of the superintendent. Rating is not restricted to observations in the classroom. It includes the teacher's performance of his duties in and out of the classroom and covers personality, preparation, technique and pupil reaction. From his own observations, and the reports of others over a two-year period, Dr. Rago found appellant deficient in several categories. The reports which were repeatedly brought to the attention of appellant are part of the record.

In the opinion of this court, Dr. Rago followed legal and proper procedure. He performed his duty

in rating appellant and determining if appellant was a competent teacher. It was Dr. Rago who had to decide from the entire record if appellant was entitled to a satisfactory or unsatisfactory rating. The evidence would not support a finding that Dr. Rago acted in an arbitrary and capricious manner. Quite to the contrary Dr. Rago performed his duties in a responsible manner.

## ORDER

Now, July 21, 1977, the court finds that the constitutional rights of Donald A. Huber have not been violated and that the adjudication of the Mars Area School Board is supported by substantial evidence. The adjudication is affirmed and the appeal is dismissed.