Robert T. Hoffman, Jr., Petitioner *v.* West Chester Area District School Board, Respondent.

Argued December 8, 1978, before Judges CRUMLISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Arthur E. Oaks,* with him *Franklin D. Green,* for petitioner.

*Ross A. Unruh,* with him *MacElree, Harvey, Gallagher & Kean, Ltd.,* for respondent.

OPINION BY JUDGE BLATT, February 9, 1979:

Robert T. Hoffman, Jr. (Hoffman) appeals from a decision of the Secretary of Education (Secretary) which affirmed his dismissal by the West Chester Area District School Board (Board) on the ground of persistent negligence. He was a professional employee.

After providing the notices required by the Public School Code of 1949,[1] the Board held a series of five hearings at which Hoffman was present and permitted to testify. By action of May 10, 1976, the Board voted for dismissal and a written adjudication was sent to Hoffman on or about May 18, 1976. On June 8, 1976, he attempted to file an appeal to the Secretary from the Board's decision, but considering the appeal to have been improperly filed the Secretary refused to consider it. On reconsideration, however, the Secretary agreed to hear the appeal, and a subsequent Mo-

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

tion to Quash filed by the West Chester Area School District was denied.

The first hearing on Hoffman's appeal to the Secretary was scheduled to be held before the Secretary's designee on August 13, 1976. At the request of Hoffman's counsel the hearing was rescheduled for September 15, 1976. On that morning, however, counsel telephoned the Department of Education (Department) and requested a further continuance because Hoffman was ill. He was informed by the Department's Chief Counsel that there had already been one continuance, that opposing counsel and the hearing examiner were already en route to the hearing, and that, inasmuch as neither Hoffman nor the School District had notified the Secretary of any intent to offer additional testimony, Hoffman's counsel could safely waive the need for Hoffman's presence and present legal argument. The hearing was delayed one-half hour beyond the time set for it to begin in order to wait for the appearance of Hoffman's counsel, but, when he did not appear, the hearing was held. By Order of June 22, 1977, the Secretary dismissed Hoffman's appeal. Hoffman, now by new counsel, argues here that the Department should have continued the September 15 hearing because he was unable to attend and that the reasons cited for his dismissal were not supported by substantial evidence.

In *Cotter v. State Civil Service Commission*, 6 Pa. Commonwealth Ct. 498, 500, 297 A.2d 176, 178 (1972), we held:

> The power to grant or refuse a continuance is an inherent power of a court and ordinarily is discretionary. The exercise of such discretion is usually not reviewable, except upon a clear showing of an abuse of discretion. The same general rules apply where the application for a

continuance is addressed to an administrative agency.

After a careful review of the facts in this case, we do not believe that the Department here abused its discretion in denying the continuance requested. One continuance had already been granted and the record reveals no reason why Hoffman's counsel could not have appeared on the date of the rescheduled hearing and presented his legal arguments as suggested. We do not believe that Hoffman was prejudiced by not being present in person at the hearing for the opportunity to present additional testimony to a hearing examiner is not a matter of right. Moreover, the record indicates that Hoffman's counsel had informed the Board that he had already presented all desired evidence and testimony.

With respect to the validity of the Secretary's order, we must affirm unless constitutional rights were violated, there was an abuse of discretion, an error of law was committed or a necessary finding of fact is unsupported by substantial evidence. *Acitelli v. Westmont Hilltop School District,* 15 Pa. Commonwealth Ct. 214, 325 A.2d 490 (1974). The record reveals that Hoffman received three "Unsatisfactory" ratings, was held to have been guilty of chronic lateness, to have failed to supervise students properly, and to have failed to conduct his classroom properly. The ultimate recommendation for his dismissal was preceded by numerous conferences with his superiors concerning his deficiencies as well as several memoranda directed to him over a period of two years indicating problem areas in his performance. It is clear that Hoffman's behavior fell well within the type of conduct which we have previously held constitutes persistent negligence. *See Stroman v. Secretary of Education,* 7 Pa. Commonwealth Ct. 418, 300 A.2d 286 (1973).

The order of the Secretary is, therefore, affirmed.

ORDER

AND Now, this 9th day of February, 1979, the order of the Secretary of Education dismissing the appeal of Robert T. Hoffman, Jr. is affirmed.