Board of Directors of Riverside School District, Appellant *v.* Jule Carmody et al., Appellees.

Argued October 1, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*W. Boyd Hughes*, with him *Hughes & Nicholls*, for appellant.

*Peter J. O'Brien*, with him *O'Brien and Miller*, for appellees.

OPINION BY JUDGE WILKINSON, JR., November 5, 1979:

This matter is before the Court on appeal by the Board of Directors (Board) of the Riverside School District (District) from the order of the Court of Common Pleas of Lackawanna County. The court of common pleas, en banc, dismissed the Board's exceptions as to three of the four teachers common pleas Judge WALSH ordered reinstated with back-pay and benefits.

Due to a substantial decrease in pupil enrollment in the school district, the Board on June 29, 1976, elimi-

nated 11 teaching positions for the school year 1976-77. Suspensions of 11 professional employees were made pursuant to Section 1124 of the Public School Code (Code) of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1124. Dr. Robert Clarke, the District superintendent of schools, suspended 11 teachers on July 22, 1976. Following refusal of a hearing by the District, seven of the suspended teachers commenced this action alleging that the District had failed to comply with Section 1125 of the Code, 24 P.S. §11-1125.[1]

At trial, one plaintiff withdrew, the court sustained a demurrer to the claim of a second plaintiff and found that a third plaintiff was properly suspended. The court found that the remaining four plaintiffs were improperly suspended and issued its reinstatement order. The Board appeals here the cases of three teachers.

Since the particular issues in the cases of the three teachers will be treated below, a preliminary overview of the procedure for suspending professional employees is useful. Section 1125 of the Code provides the method for making nondisciplinary suspensions. It reads in pertinent part:

(a) Whenever a board of school directors decreases the size of the staff of professional employes, the suspensions to be made shall be

---

[1] The seven teachers brought an action in mandamus. At time of trial both parties agreed that they did not want the case sent back for a hearing for any possible violation of the local agency law but wanted a decision de novo. Common pleas Judge WALSH conducted a trial de novo without jury, and thus the posture of this case is as though it were a de novo local agency hearing appeal. *See* Section 8(b) Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11308(b), repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar provision is now found in 2 Pa.C.S. §754(b).

determined by the district superintendent on the basis of efficiency rank determined by ratings made in accordance with standards and regulations, determined by rating cards prepared by the Department of Public Instruction, as required by section one thousand one hundred twenty-three of this act. It shall be the duty of boards of school directors to cause to be established a permanent record system, containing ratings for each professional employe employed within the district. Copies of all ratings for the year shall be transmitted to the professional employe upon his or her request, or, if any rating during the year is unsatisfactory, a copy of same shall be transmitted to the professional employe concerned. No professional employe shall be dismissed under this act unless such rating records have been kept on file by the board of school directors.

(b) In cases in which suspensions are to be made, professional employes shall be retained on the basis of seniority rights, acquired within the school district of current employment, where no differences in rating are found. Seniority rights shall also prevail where there is no substantial difference in rating. In cases where there are substantial differences in rating of those under consideration for suspension, seniority shall be given consideration in accordance with principles and standards of weighting incorporated in the rating cards. . . .

The District used rating cards DEBE-333 as authorized by the Department of Education. There are four general areas for rating: personality, preparation, technique, and pupil reaction. A maximum of 20 points could be awarded in each category. Dr. Clarke

instructed school principals who conducted the ratings to use ten points as the norm, so that the ratings would be standardized. The principals rated teachers twice a year, and the combined totals (maximum of 160, with a norm of 80) were used as the rating figures. The score obtained was the unweighted rating. When seniority rights were to be considered, to each of the semi-annual unweighted scores was added one point for each year of service, with a maximum of 20 points allowable. Dr. Clarke made the 11 suspensions based on the ratings from the previous school year.

In *Gabriel v. Trinity Area School District,* 22 Pa. Commonwealth Ct. 620, 350 A.2d 203 (1976), Judge MENCER of this Court wrote:

A close reading of Section 1125(b) reveals the procedure to be followed in determining the order of suspension. First, the unweighted scores of those under consideration must be compared; if no 'substantial difference' appears, seniority rights prevail. If there are 'substantial differences,' the section provides that 'seniority shall be given consideration in accordance with principles and standards of weighting incorporated in the rating cards.'

*Id.* at 628, 350 A.2d at 207.

Due to the decrease in pupil enrollment, a teaching position in the District's music department was eliminated, the teacher Jule Carmody was suspended. Mrs. Carmody enjoyed 20 years seniority, which placed her second among the four music teachers in seniority. The unweighted rating for Mrs. Carmody was 85, whereas the lowest unweighted rating among the retained teachers was 108. The court of common pleas held that the suspension of Mrs. Carmody was not in accordance with Section 1125 of the Code because her ratings were defective. Relying on *New Castle Area School District v. Bair,* 28 Pa. Commonwealth Ct. 240,

368 A.2d 345 (1977), the court held that the ratings were defective due to the lack of anecdotal records.

That case does not control here. *Bair* involved dismissal for unsatisfactory ratings. The Court there was correctly concerned with a tenured professional employee's rights in regard to protection from dismissal for incompetence. The case here involves suspension due to substantial decrease in student enrollment. Mrs. Carmody's school principal testified that Mrs. Carmody's rating was satisfactory and above the norm. Rating card DEBE-333 states, 'Ratings should have the support of anecdotal records. In the case of UNSATISFACTORY ratings, such records must be maintained in the office of the superintendent. . . .'' The sense of *Bair* and of the rating cards indicates to us that while unsatisfactory ratings must be supported by particularized appraisals, such extensive efforts and documentation are not necessary for satisfactory ratings.

In light of that and the substantial difference of 23 rating points, we reverse the order of reinstatement of Jule Carmody.

Kathleen Holmes was suspended from her position as teacher of business education. There was a difference of 11 points between her rating and that of a retained teacher with less seniority. The District superintendent determined that eight points was a substantial difference in ratings and so testified at trial. The court of common pleas found that 16 points would be a substantial difference and held that the difference of 11 points was not substantial and therefore Ms. Holmes was not properly suspended under Section 1125 of the Code.

Our review in this case is just like the responsibility of the court below: to determine whether or not there was a violation of constitutional rights, an error of law or manifest abuse of discretion. At the hearing

de novo no evidence was introduced to show that the District superintendent's calculation of a substantial difference in rating points was arbitrary or capricious and therefore an abuse of discretion. This Court has previously construed the term "substantial difference" to mean a real, considerable or important difference. *Gabriel v. Trinity Area School District, supra.* We have previously concluded that a difference of six points, *Smith v. Richland School District,* 36 Pa. Commonwealth Ct. 150, 387 A.2d 974 (1978) was not an unreal, inconsiderable or unimportant difference. Likewise we here conclude that the superintendent's determination of eight points as a substantial difference was reasonable and neither arbitrary nor capricious, regard 11 points as a substantial difference, and reverse the order of reinstatement of Kathleen Holmes.

Ralph Imdorf was suspended as a teacher of physical education. His rating score was only six points less than the score of a retained teacher who had taught in the Commonwealth for eight years but had only five years seniority with the District as compared with Mr. Imdorf's six years seniority.

Section 1125 of the Code states that seniority rights prevail where there is no substantial difference in rating. This reference in Section 1125 to seniority in determining who should be suspended means only the seniority acquired within the school district of current employment. *Board of Education of Fairview School District v. Tomb,* 40 Pa. Commonwealth Ct. 458, 397 A.2d 1268 (1979). Since only six points, less than the eight points the District superintendent used as the standard for a substantial difference in unweighted ratings, separated Mr. Imdorf's score from that of the retained teacher, Mr. Imdorf's greater seniority within the District should have prevailed. We affirm the lower court's order of reinstatement of Ralph Imdorf.

208

Accordingly, we will enter the following

ORDER

AND NOW, November 5, 1979, the order of the Court of Common Pleas of Lackawanna County dated February 20, 1979, is affirmed as to the reinstatement, with back-pay and all benefits of employment, of Ralph Imdorf, and reversed as to the reinstatements, with back-pay and all benefits of employment, of Jule Carmody and Kathleen Holmes.